UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

STANLEY EHI ALIU,　　　　　　　　　　　　Case No.: 6:16-bk-08078-CCJ
　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　Debtor.
_____/

# CHAPTER 13 PLAN

**CHECK ONE:**

　　　_____　Debtor[1] certifies that the Plan does not deviate from the model plan adopted by the Court at the time of the filing of this case. Any nonconforming provisions are deemed stricken.

　　　__X__　The Plan contains provisions that are specific to this Plan in paragraph 9, Nonconforming Provisions. Any nonconforming provision not set forth in paragraph 9 is deemed stricken.

**1.** **MONTHLY PLAN PAYMENTS**. Plan payments include the Trustee's fee of 10% and shall begin 30 days from petition filing/conversion date. Debtor shall make payments to the Trustee for the period of 60 months. If the Trustee does not retain the full 10%, any portion not retained will be disbursed to allowed claims receiving payment under the plan and may cause an increased distribution to the unsecured class of creditors:

**(A)**　$2,583.08 for months ___1___ through ___59___
**(B)**　2,583.14 for months ___60___ through ___60___
**(C)**　$____00 for months ___00___ through ___00___

To pay the following creditors:

**2.**　**ADMINISTRATIVE ATTORNEY'S FEES.**

**Base Fee $3,000**　　**Total Paid Prepetition $1,330.00**　　**Balance Due $1,670.00**

**Estimated Additional Fees Subject to Court Approval　0**

**Attorney's Fees Payable through Plan $1,670.00 and $50.00 Monthly monitoring fee. (subject to adjustment)**

---

[1] All references to "Debtor" include and refer to both of the debtors in a case filed jointly by two individuals.

**3.    PRIORITY CLAIMS (as defined in 11 U.S.C. § 507).**

| Last 4 Digits of Acct No | Creditor | Total Claim |
|---|---|---|
| None | | |

**4.    TRUSTEE FEES.** Trustee shall receive a fee from each payment received, the percentage of which is fixed periodically by the United States Trustee.

**5.    SECURED CLAIMS.** Pre-confirmation payments allocated to secured creditors under the Plan, other than amounts allocated to cure arrearages, shall be deemed adequate protection payments.

**(A) Claims Secured by Real Property Which Debtor Intends to Retain/ Mortgage Payments and Arrears, if any, Paid through the Plan.** If the Plan provides for curing prepetition arrearages on a mortgage, Debtor will pay, in addition to all other sums due under the proposed Plan, all regular monthly postpetition mortgage payments to the Trustee as part of the Plan. These mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter. The Trustee shall pay the postpetition mortgage payments on the following mortgage claims:

| Last 4 Digits of Acct No. | Creditor | Collateral Address | Reg. Mo. Pmt. | Gap Pmt. | Arrears |
|---|---|---|---|---|---|
| 1389 | | 1451 Blackwood Ave | $745.48 | $745.48 | $ 83,487. |

**(B) Claims Secured by Real Property/Debtor Intends to Seek Mortgage Modification.** Pending the resolution of a mortgage modification request, Debtor shall make the following adequate protection payments to the Trustee: (1) for *homestead* property, the lesser of 31% of gross disposable monthly income of Debtor and non-filing spouse, if any (after deducting homeowners association fees), or the normal monthly contractual mortgage payment, or (2) for *non-homestead*, income-producing property, 75% of the gross rental income generated from the property:

| Last 4 Digits of Acct. No. | Creditor | Collateral Address | Pmt. Amt. |
|---|---|---|---|
| None | | | |

**(C) Claims Secured by Real Property or Personal Property to Which Section 506 Valuation APPLIES.** Under 11 U.S.C. § 1322(b)(2), this provision does not apply to a claim secured solely by Debtor's principal residence. A separate motion to determine secured status or to value the collateral must be filed. The secured portion of the claim, estimated below, shall be paid:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Value | Pmt. | Interest @3% |
|---|---|---|---|---|---|---|
| None | | | | | | |

**(D)   Claims Secured by Real Property and/or Personal Property to Which Section 506 Valuation DOES NOT APPLY.** Claims of the following secured creditors shall be paid in full with interest:

| Last 4 Digits of Acct No. | Creditor | Collateral Desc./Address | Claim Amt. | Pmt. | Interest @____% |
|---|---|---|---|---|---|
| | | | | | |

**(E) Claims Secured by Personal Property – Maintaining Regular Payments and Curing Arrearages, if any, with All Payments in Plan.**

| Last 4 Digits of Acct No. | Creditor | Collateral Description | Regular Payment | Arrearages |
|---|---|---|---|---|
| **1389** | | **1451 Blackwood Ave** | **$745.48** | **$83,487.09** |

**(F) Secured Claims/Lease Claims Paid Direct by Debtor.** The following secured claims/lease claims are being made via automatic debit/draft from Debtor's depository account and are to continue to be paid direct to the creditor or lessor by Debtor outside the Plan via automatic debit/draft. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. Nothing herein is intended to terminate or abrogate Debtor's state law contract rights. (Note: The Plan must provide for the assumption of lease claims that Debtor proposes to pay direct in the Lease/Executory Contract Section 6 below.)

| Last 4 Digits of Acct No. | Creditor | Property/Collateral |
|---|---|---|
| **6392** | **Fairwinds Credit Union** | **2012 Acura** |
| **0002** | **Northwest Credit Union** | **2015 Kia Optima** |
| **820-7** | **Orange County Tax collector** | **1451 Blackwood Ave** |

3

**(G) ) Liens to be Avoided per 11 U.S.C. § 522/Stripped Off per 11 U.S.C. § 506.**
A separate motion to avoid a lien under § 522 or to determine secured status and to strip a lien under § 506 must be filed.

| **Last 4 Digits of Acct No.** | **Creditor** | **Collateral Description/Address** |
|---|---|---|
| None | | |

**(H) Surrender of Collateral/Leased Property.** Debtor will surrender the following collateral/leased property. The automatic stay is terminated *in rem* as to Debtor and *in rem* and *in personam* as to any codebtor as to these creditors and lessors upon the filing of this Plan. (Note: The Plan must provide for the rejection of lease claims in the Lease/Executory Contract section below.)

| **Last 4 Digits of Acct No.** | **Creditor** | **Property/Collateral to be Surrendered** |
|---|---|---|
| None | | |

**6.  LEASES/EXECUTORY CONTRACTS.**

| **Last 4 Digits of Acct No.** | **Creditor** | **Property** | **Assume/Reject-Surrender** | **Est. Arrears** |
|---|---|---|---|---|
| None | | | | |

**7.  GENERAL UNSECURED CREDITORS.** General unsecured creditors with allowed claims shall receive a *pro rata* share of the balance of any funds remaining after payments to the above referenced creditors or shall otherwise be paid under a subsequent Order Confirming Plan. The estimated dividend to unsecured creditors shall be no less than $6,455.

**8.  ADDITIONAL PROVISIONS:**

(A) Secured creditors, whether or not dealt with under the Plan, shall retain the liens securing such claims:

(B) Payments made to any creditor shall be based upon the amount set forth in the creditor's proof of claim or other amount as allowed by an Order of the Bankruptcy Court.

    **(C)**    Property of the estate (check one)*

        (1)    _____ shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise; or

        (2)    ___X___ shall vest in Debtor upon confirmation of the Plan.

*If Debtor fails to check (a) or (b) above, or if Debtor checks both (a) and (b), property of the estate shall not vest in Debtor until the earlier of Debtor's discharge or dismissal of this case, unless the Court orders otherwise.

    **(D)**    The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief and/or the proofs of claim as filed and allowed. The Trustee shall only pay creditors with filed and allowed proof of claims. An allowed proof of claim will control, unless the Court orders otherwise.

    **(E)**    The Debtor may attach a summary or spreadsheet to provide an estimate of anticipated distributions. The actual distributions may vary. If the summary or spreadsheet conflicts with this Plan, the provisions of the Plan control prior to confirmation, after which time the Order Confirming Plan shall control.

    **(F)**    Debtor shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.) For each tax return that becomes due after the case is filed, Debtor shall provide a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s, to the Trustee within 14 days of filing the return. Unless otherwise ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular Plan payments. Debtor shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability. **Debtor shall spend no tax refunds without prior court approval.**

**9.**    **NONCONFORMING PROVISIONS:**
None
_____

_____
Stanley Ehi Aliu                                   Dated: 12/22/16

                            Roman V. Hammes
                            Roman V. Hammes, Esq.
                            Florida Bar No. 087250
                            1920 North Orange Ave
                            Suite 100
                            Orlando, FL 32804
                            (407) 650-0003
                            roman@romanvhammes.com
                            Attorney for Debtor

Aliu, Stanley

| filing date | 12/13/2016 | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1st pmt date | 1/12/2017 | | | 10.0% | | | | | |
| | | | | | | atty | Wells Fargo | Wells | Wells Fargo |
| | Unsecured | | Debtor Pmt | Tee Fee | Atty fee | monitoring | Ongoing | Fargo gap | arrearage |
| plan term 60 | | 60 | | | | | | | |
| 1/12/2017  1 | $36.17 | | $2,583.08 | $258.31 | **$139.24** | | $745.48 | $12.43 | $1,391.45 |
| 2/12/2017  2 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 3/12/2017  3 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 4/12/2017  4 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 5/12/2017  5 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 6/12/2017  6 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 7/12/2017  7 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 8/12/2017  8 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 9/12/2017  9 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 10/12/2017 10 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 11/12/2017 11 | $36.25 | | $2,583.08 | $258.31 | $139.16 | | $745.48 | $12.43 | $1,391.45 |
| 12/12/2017 12 | $36.25 | | $2,583.08 | $258.31 | **$139.16** | | $745.48 | $12.43 | $1,391.45 |
| 1/12/2018 13 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 2/12/2018 14 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 3/12/2018 15 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 4/12/2018 16 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 5/12/2018 17 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 6/12/2018 18 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 7/12/2018 19 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 8/12/2018 20 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 9/12/2018 21 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 10/12/2018 22 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 11/12/2018 23 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 12/12/2018 24 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 1/12/2019 25 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 2/12/2019 26 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 3/12/2019 27 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.43 | $1,391.45 |
| 4/12/2019 28 | $125.41 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | **$12.43** | $1,391.45 |
| 5/12/2019 29 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 6/12/2019 30 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 7/12/2019 31 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 8/12/2019 32 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 9/12/2019 33 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 10/12/2019 34 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 11/12/2019 35 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 12/12/2019 36 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 1/12/2020 37 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 2/12/2020 38 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 3/12/2020 39 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 4/12/2020 40 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 5/12/2020 41 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 6/12/2020 42 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 7/12/2020 43 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 8/12/2020 44 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 9/12/2020 45 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 10/12/2020 46 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 11/12/2020 47 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 12/12/2020 48 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 1/12/2021 49 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 2/12/2021 50 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 3/12/2021 51 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 4/12/2021 52 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 5/12/2021 53 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 6/12/2021 54 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 7/12/2021 55 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 8/12/2021 56 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 9/12/2021 57 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 10/12/2021 58 | $125.42 | | $2,583.08 | $258.31 | | $50.00 | $745.48 | $12.42 | $1,391.45 |
| 11/12/2021 59 | $125.42 | 59 at | **$2,583.08** | $258.31 | | $50.00 | $745.48 | $12.42 | **$1,391.45** |
| 12/12/2021 60 | $125.39 | 1 at | **$2,583.14** | $258.31 | | **$50.00** | **$745.48** | **$12.42** | **$1,391.54** |
| | | | | | | | | | |
| receiving | $6,455.00 | | $154,984.86 | $15,498.49 | $1,670.00 | $2,400.00 | $44,728.80 | $745.48 | $83,487.09 |
| total unsec. | | | | | | | | | |
| | **#DIV/0!** | | | | | | | | |

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 28, 2016, I electronically filed the foregoing with the Clerk of the Court by suing the CM/ECF system.  I further certify that I mailed the foregoing document by first class mail to the non-CM/ECF participants on the attached matrix.

                                */s/ Roman V. Hammes*
                                Roman V. Hammes

```
Label Matrix for local noticing        Stanley Ehi Aliu                         (p)FAIRWINDS CREDIT UNION
113A-6                                  1451 Blackwood Ave                       3075 N ALAFAYA TRAIL
Case 6:16-bk-08078-CCJ                  Gotha, FL 34734-4557                     ORLANDO FL 32826-3259
Middle District of Florida
Orlando
Wed Dec 28 15:51:45 EST 2016

Fed Loan Serv                           Florida Department of Revenue            Internal Revenue Service
Po Box 60610                            Bankruptcy Unit                          Post Office Box 7346
Harrisburg, PA 17106-0610               Post Office Box 6668                     Philadelphia PA 19101-7346
                                        Tallahassee FL 32314-6668


Ladashia D. Aliu                        Northwest Fcu -                          Northwest Federal Cu
1451 Blackwood Ave                      Pob 1229                                 200 Springs St
Gotha, FL 34734-4557                    Herndon, VA 20172-1229                   Herndon, VA 20170-5292



Orange County Tax Collector             Verizon Wireless                         Webbank/dfs
PO Box 545100                           Po Box 49                                Po Box 81607
Orlando FL 32854-5100                   Lakeland, FL 33802-0049                  Austin, TX 78708-1607



Wells Fargo                             Wells Fargo Home Mortgage                Laurie K Weatherford +
Home Mortgage                           c/o Riyaaz Sidat, Esq.                   Post Office Box 3450
P.O. Box 10368                          P.O. Box 23028                           Winter Park, FL 32790-3450
Des Moines, IA 50306-0368               Tampa, FL 33623-2028


United States Trustee - ORL7/13 7 +     Roman V Hammes +
Office of the United States Trustee     Roman V. Hammes, P.L
George C Young Federal Building         1920 N. Orange Avenue, Suite 100
400 West Washington Street, Suite 1100  Orlando, FL 32804-5531
Orlando, FL 32801-2210




              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Fairwinds Credit Union                  (d)Fairwinds Credit Union -
2475 Sand Lake Rd                       3075 N Alafaya Trl
Orlando, FL 32809                       Orlando, FL 32826




              The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Cynthia C. Jackson +                 (u)Note: Entries with a '+' at the end of the       End of Label Matrix
Orlando                                 name have an email address on file in CMECF         Mailable recipients   16
                                        -------------------------------------------         Bypassed recipients    2
                                        Note: Entries with a '-' at the end of the          Total                 18
                                        name have filed a claim in this case
```